On Application for Rehearing.
En Banc.
PER CURIAM.
In its application for rehearing, the defendant-appellant suggests that it is entitled to a remittitur of the money forfeited, under the recognized exception that the right of a governmental body to share in the proceeds of a fine or forfeiture does not vest “so long as the money is still in the possession of the court”, see our original opinion above.
In' so arguing, the defendant-appellant relies upon the provisions of LSA-R.S. 15 :- 571.11 to the effect that fines and forfeitures “shall be paid into the treasury of the parish in which the court is situated and deposited in a special ‘Criminal Court Fund’ account, which shall be used or paid out in defraying the expenses of the criminal courts of the parish * * (Italics ours.)
We are unable to agree with this contention.
The exception permitting the Governor’s pardoning power to extend to monies still within the possession of the court refers to such monies before they have been paid into the local treasury or paid to governmental units then legally entitled to spend them ; but not to monies already paid over to governmental units (including courts) to be used for governmental purposes.
The local police jury acquires a vested civil right to the fines or forfeitures after they have been paid into the parish treasury. The vesting of the right to use these funds for local governmental purposes is not defeated by the circumstance that the statute specifies the particular governmental purposes for which the funds will be used, namely, to pay the operating expenses of the criminal courts of the parish. As noted in our original opinion, the Governor’s pardoning power does not extend to monies paid to a local governmental body, since then such local governmental unit has acquired a vested legal right to spend these funds for governmental purposes or, in fact, may already have legally so spent same.
Additionally, very able counsel contends that, even after fines or forfeitures have been paid, they may be remitted under the Governor’s pardoning power because LSA-R.S. 15:526.1 provides that, upon approved application, “fines or imprisonments imposed under state laws shall be remitted in the manner directed by law” — i. e., under the Governor’s pardoning power.
While counsel’s contention in this respect is forceful, our conclusion remains unchanged that the Governor’s criminal pardoning power cannot extend to monies already paid to local governmental units, local officers, or private individuals and to which such parties have thus acquired a vested right because they are then legally entitled to spend them.
For these reasons, as well as for the reasons stated in our original opinion, we deny the application by the defendant-appellant for rehearing.
Application for rehearing denied.
FRUGE, J., believes a rehearing should be granted.
CULPEPPER, J., recused.